## MARTIN and another vs. RYAN and another.

1. MARRIAGE. The validity of a marriage actually consummated cannot be questioned by the husband in an action brought against him and his wife.
2. SAME. Where the marriage ceremony is solemnized by a person who had no authority in law for that purpose, and is followed by cohabitation of the parties, and acknowledgment of each other before the world as husband and wife, the marriage is valid.

ERROR to the District Court for *Racine* County.

The case is stated in the opinion of the court.

*Levi Hubbell* and *Lyman Cowdry*, for plaintiffs in error.

1. The justice erred in admitting parol proof of the marriage of the defendants, or proof that C. F. Le Fever was a minister.

2. There was no proof of any legal marriage between *John and Dorcas Martin.* 1 Kent's Com. 447; Clancey on Husb. and wife, 22 ; 3 Campb. 438 ; 1 Blackf. 192 ; 7 Mass. 53–57 ; Stat. of Wis. 139, §§ 1, 2 and 3.

*Moses M. Strong*, for defendants in error.

IRVIN, J.   This case was commenced before a justice of the peace in and for the county of Racine, upon a promissory note given by one of the defendants, *Dorcas B. Martin*, to the plaintiff while she was sole, and by the name of D. B. Simmons.   Afterward, and previously to the commencement of this suit, she intermarried with the other defendant, *John Martin*, and the suit was accordingly brought against both.   Recovery by the plaintiffs was resisted by *John Martin*, who answered to the summons, on the ground that he and the said *Dorcas* had not been married according to the requirements of the statute : in this, that the person who officiated in the ceremony of marriage as a minister of the gospel had not, before performing the ceremony, filed his credentials of ordination with the clerk of the district court of that

county, as the law required, and, therefore, did not appear to be a minister under the law. The second section of the act (Wis. Stat. 139) reads thus: "Ministers of the gospel, ordained and in regular communication as aforesaid, before they shall be deemed authorized as aforesaid, shall file a copy of their credentials of ordination with the clerk of the district court of the county in which the marriage by them may be solemnized, and such clerk shall enter the same of record, and give a certificate of the same." The sixth section imposes a penalty on all persons who shall knowingly solemnize marriage contrary to the true intent and meaning of the act. The marriage in question was solemnized under a license from a proper officer, in the presence of witnesses, who depose in the case to that fact, and was afterward certified, as the law directs. These facts are mentioned, not because they are material to the question under consideration, but because they are in the case, and are, by the parties, thought to be important. The defense set up is untenable, first, because the facts involved cannot be inquired into in this collateral way, and, second, if they could be, they form no defense; first, because if the person officiating had failed to comply with the law in the particular mentioned, the only consequence would be his exposure to the penalty of the law; and, second, because the said defendants had, after said ceremony, lived together as man and wife, and the said *John* had recognized the said *Dorcas* as his wife before the world. Upon these points the doctrine is so well settled that it is not deemed necessary to refer to any case in support of it. Judgment was given for the plaintiffs, and the case was taken by certiorari into the district court of Racine county, and there the judgment of the justice was affirmed, and, we think, correctly. We therefore affirm the judgment of the district court.